IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Luis Antonio Rivera Calo, personally and as heir of his deceased son, Jobán Luis Rivera Mendoza<br><br>        Plaintiff<br><br>                v.<br><br>Ismael Miranda Rodríguez; Héctor Custodio Cruz; José González Montañez; Juan A. Rodríguez Dávila; and Antonio López Figueroa, all in their personal capacities<br><br>        Defendants | Civil No.: 24-1327<br><br><br><br>Plaintiff Demands Trial by Jury |

## **COMPLAINT**

TO THE HONORABLE COURT:

Comes now Plaintiff, Luis Antonio Rivera Calo (hereinafter "Plaintiff"), through his undersigned attorney, and very respectfully states, alleges and prays as follows:

### I. NATURE OF THE ACTION, JURISDICTION, VENUE AND JURY DEMAND

1.1.    This is an action for the recovery of the damages caused by Defendants' deprivation of the federally protected constitutional and civil rights of Plaintiff's son, Jobán Luis Rivera Mendoza (hereinafter "Jobán").

1.2.    This Honorable Court has both federal question and diversity jurisdiction to rule on this action.

1.3.    Federal question jurisdiction is conferred upon this Honorable Court by 28 U.S.C. §§ 1331 and 1343 insofar as Plaintiffs' claims arise under the Constitution and Laws of the United States and relate to the deprivation of federally protected civil rights.

Specifically, the claims asserted in this action arise under the Fourth, Fifth and Fourteenth Amendments of the Constitution, U.S. Const. amend. IV, V and XIV, and the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983.

1.4.    Diversity jurisdiction is conferred by 28 U.S.C. § 1332(a) insofar as all parties at either side of this litigation are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs or attorney's fees.

1.5.    Pursuant to 28 U.S.C. § 1367, the Court also has supplemental jurisdiction over the claims premised upon the Constitution and laws of the Commonwealth of Puerto Rico, in particular, Articles 1802 and 1803 of the Puerto Rico Civil Code of 1930, 31 L.P.R.A. §§ 5141 and 5142, and Art. II, §§ 1, 7, and 12, and Art. VI, §19 of the Puerto Rico Constitution, since they derive from a common nucleus of operative and are part of the same case and controversy.

1.6.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b) since all Defendants reside within the Commonwealth of Puerto Rico and all the events that give rise to the claims asserted herein occurred within the Commonwealth of Puerto Rico.

1.7.    In accordance with the Seventh Amendment to the Constitution of the United Sates and to Rule 38(b), Fed.R.Civ.P., Plaintiff requests trial by jury as to all the issues and claims for damages asserted herein.

## II. THE PARTIES

2.1.    Plaintiff is a citizen of the state of New Jersey, where he has been long domiciled, and the father of Jobán.

2.2.    Defendants Ismael Miranda Rodríguez and Héctor Custodio Cruz (hereinafter "Officers Miranda Rodríguez and Custodio Cruz") are Puerto Rico Police

Officers, who, at all pertinent times to this action, were assigned to the Highway Patrols Division of the Puerto Rico Police Department.

2.4.    Defendant José González Montañez (hereinafter "Insp. González Montañez") is a Puerto Rico Police Inspector, who, at all pertinent times to this cation, headed the Highway Patrols Division of the Puerto Rico Police Department.

2.5    Defendant Juan A. Rodríguez Dávila (hereinafter "Col. Rodríguez Dávila") is a Puerto Rico Police Colonel, who, at all material times to this action, acted as the Deputy Commissioner of the Puerto Rico Police Department.

2.6.    Defendant Antonio López Figueroa (hereinafter "Col. López Figueroa") is a Puerto Rico Police Colonel, who, at all material times to this action, acted as the Commissioner of the Puerto Rico Police Department.

2.7.    All actions complained from herein have been taken by Defendants while acting under color of state law and in the performance of their duties as members of the Puerto Rico Police Department.

2.8.    All Defendants are citizens of the Commonwealth of Puerto Rico and are being sued in their personal capacities.

### III. FACTS

3.1.    On July 23, 2023, Jobán was driving home after finishing the shift in the hospital laundry where he worked, when, at approximately 12:50 a.m., Officers Miranda Rodríguez and Custodio Cruz intervened with Jobán by flashing the headlights of their patrol car and turning on the siren.

3.2.    Jobán quickly heeded to the stop signals and halted his vehicle alongside the curb of the marginal of PR-3 near the intersection with Muñoz Rivera St. in Carolina.

3.3.    Officers Miranda Rodríguez and Custodio Cruz stepped out of their patrol car and approached Jobán's vehicle with their high intensity flashlights turned on.

3.4.    One of the Officers went by the driver's side of Joban's vehicle while the other went by the back of the passenger's side.

3.5.    The Officer that was on the driver's side asked Joban for his driver's license and the vehicle's registration.

3.6.    At all times during the traffic stop, Jobán was unarmed, behaved calmly and did not make any sudden or menacing moves.

3.7.    When Jobán went to fetch the vehicle's registration as he had been requested, the Officer nearest to Jobán's vehicle fired at Joban with his official handheld weapon.

3.8.    Immediately thereafter, the other Officer continuously discharged his official firearm while aiming at Jobán.

3.9.    To fend-off the senseless and unprovoked attack by both Officers, Jobán quickly fled the scene in his vehicle while still being fired at.

3.10.    Officers Miranda Rodríguez and Custodio Cruz stepped into their patrol car and chased Jobán.

3.11.    After a short pursuit in PR-3, Officers Miranda Rodríguez and Custodio Cruz were able to catch-up Jobán's vehicle and apprehended Jobán.

3.12.    When Officers Miranda Rodríguez and Custodio Cruz did so, they learned that Jobán had a gunshot wound in his thorax; yet, they failed to give him any first-aid and proceeded to arrest and hand cuff him.

3.13.   Jobán lay handcuffed on the ground until the paramedics arrived at the scene of the arrest.

3.14.   Upon examination, the paramedics found that Jobán had an irregular heartbeat; they asked that the handcuffs be removed so that they could provide Jobán proper assistance, but Officers Miranda Rodríguez and Custodio Cruz refused.

3.15.   Thereafter, the paramedics transported Jobán to the nearby Dr. Federico Trilla Hospital in Carolina where Jobán was declared dead upon arrival.

3.16.   According to Jobán's Death Certificate, the cause of his death was "gunshot wound to thorax".

3.17.   To justify Joban's shooting, Officers Miranda Rodríguez and Custodio Cruz falsely stated that they discharged their officially issued weapons after Jobán brandished a gun inside his vehicle during the traffic stop – a non-existent gun that was never recovered.

## IV. FIRST CAUSE OF ACTION
### (Police brutality against Officers Miranda Rodríguez and Custodio Cruz)

4.1    Officers Miranda Rodríguez and Custodio Cruz dispossessed Jobán of clearly established rights secured to him under the United States Constitution, specifically the Fourth Amendment rights to be free from unreasonable seizures and from the use of excessive force against one's person and the Fifth and Fourteenth Amendments right not be deprived of life or liberty without due process of law.

4.2    The use of lethal force by Officers Miranda Rodríguez and Custodio Cruz, as previously described, was unreasonable and unjustified given that Jobán was unarmed, always during the traffic stop heeded to the Officers' commands and at no time did he pose any threat to the Officers' safety.

4.3    Moreover, Officers Miranda Rodríguez and Custodio Cruz failed to provide first aid to Jodan's life threatening injuries and impeded the paramedics from doing so by failing to remove the handcuffs as previously described.

4.4.    Any reasonable police officer in the position of Officers Miranda Rodríguez and Custodio Cruz would have known that the lethal force used against Jobán was unconstitutional.

4.5. Any reasonable police officer in the position of Defendant Fox or Defendant Bystander Officers would have known that they had a duty to take reasonable measures to prevent harm to Jobán.

4.6.    The conduct by Officers Miranda Rodríguez and Custodio Cruz, as previously described, caused serious physical and mental injuries to Jobán until his untimely death, which will be quantified by the jury, but are conservatively estimated in an amount not less than One Million Dollars ($1,000,000.00).

4.7.    That same conduct also caused Plaintiff serious mental pain and anguish, which will be quantified by the jury, but are conservatively estimated in an amount not less than One Hundred Thousand Dollars ($100,000.00).

4.8.    The physical and moral damages suffered by Jobán before his demise are inherited by his heirs.

4.9.    In depriving Jobán of his rights under the United States Constitution, Officers Miranda Rodríguez and Custodio Cruz acted under color of law in their respective capacities as Puerto Rico police officers, and their actions and omissions were conducted within the scope of their respective official duties or employment.

4.10.   This deprivation under color of law is actionable and may be redressed by 42 U.S.C. § 1983.

4.11.   Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

### V. SECOND CAUSE OF ACTION
### (Supervisory liability of Insp. González Montañez and Cols. Rodríguez Dávila and López Figueroa)

5.1    At all material times to this action, Insp. González Montañez was responsible of supervising and training police officers, who, like Officers Miranda Rodríguez and Custodio Cruz, were assigned at the Highway Patrols Division of the Puerto Rico Police Department.

5.2    Cols. Rodríguez Dávila and López Figueroa, on their part, were responsible of supervising and training all police officers within the Puerto Rico Police Department, including Officers Miranda Rodríguez and Custodio Cruz.

5.3.   The Puerto Rico Police Department has a long-standing and widely-known history of inadequate training and excessive use of force incidents, so much so, that it has been under the supervision of this Honorable Court since 2012 in case no. 3:12-cv-02039-FAB, which is still ongoing.

5.4    Upon information and belief, Officers Miranda Rodríguez and Custodio Cruz have a history of numerous abusive practices against the citizenry.

5.5.   That pattern of violations made plainly obvious the need for training and supervising Officers Miranda Rodríguez and Custodio Cruz on how to avoid using excessive force in routine traffic stops, such as the one that occurred in this case.

5.6.    Insp. González Montañez and Cols. Rodríguez Dávila and López Figueroa knew about the Puerto Rico Police Department's long-history of training deficiencies and excessive use of force incidents that are the subject of case No. 3:12-cv-02039-FAB as well as the pattern of unconstitutional behavior on the part of Officers Miranda Rodríguez and Custodio Cruz and failed to provide them with proper training in the use of force and/or discipline them for their previous digressions, thus enabling them to continue violation of the citizenry's federally protected constitutional and civil rights.

5.7.    Through the previously described inaction, Insp. González Montañez and Cols. Rodríguez Dávila and López Figueroa acted with deliberate indifference to the clearly established rights secured to Jobán under the United States Constitution, specifically the Fourth Amendment rights to be free from unreasonable seizures and the use of excessive force against one's person and the Fifth and Fourteenth Amendment rights not to be deprived of life or liberty without due process.

5.8.    In failing to provide proper training to and supervision over Officers Miranda Rodríguez and Custodio Cruz, Insp. González Montañez and Cols. Rodríguez Dávila and López Figueroa acted within the scope of their respective official duties or employment as high-ranking officers of the Puerto Rico Police Department and deprived Jobán of his rights under the United States Constitution.

5.9.    The acts and omissions by Insp. González Montañez and Cols. Rodríguez Dávila and López Figueroa, as previously described, caused serious physical and mental injuries to Jobán until his untimely death, which will be quantified by the jury, but are conservatively estimated in an amount not less than One Million Dollars ($1,000,000.00).

5.10.   Those same acts and omissions also caused Plaintiff serious mental pain and anguish, which will be quantified by the jury, but are conservatively estimated in an amount not less than One Hundred Thousand Dollars ($100,000.00).

5.11.   The physical and moral damages suffered by Jobán before his demise are inherited by his heirs.

5.12.   The deprivation of Jobán's federally protected constitutional rights that was perpetrated by Insp. González Montañez and Cols. Rodríguez Dávila and López Figueroa under color of law, as previously described, is actionable and may be redressed by 42 U.S.C. § 1983.

5.13.   Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of judgment in his favor:

A.   condemning Defendants to jointly pay the amounts to be awarded by the jury;

B.   taxing Defendants with costs, attorney's fees, and pre and post judgment interest; and

C.   granting any other and further relief as may be deemed just and proper.

Respectfully submitted, in San Juan, Puerto Rico, this 22nd day of July of 2024.

Despacho Jurídico Ramos Luiña, LLC
PO Box 22763, UPR Station
San Juan, PR 00931
Tel: (787) 620-0527
Fax: (787) 620-0039

*s/Guillermo Ramos-Luiña*
Guillermo Ramos-Luiña
USDC-PR No. 204007
gramlui@yahoo.com